## Salem

### WILLIAM THOMAS HAIRSTON

#### v.

### COMMONWEALTH OF VIRGINIA

No. 1811-92-3

Decided August 24, 1993

COUNSEL

Robert J. Smitherman (Gregory T. Casker; Daniel, Vaughan, Medley & Smitherman, P.C., on brief), for appellant.

Robert B. Condon, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, J.**—Pursuant to a plea agreement, William Thomas Hairston (Hairston) pled guilty to charges of capital murder, robbery and conspiracy to commit capital murder. Hairston contends on appeal that the trial court committed reversible error in failing to require the plea agreement to be reduced to writing and disclosed in open court, as required by Rule 3A:8(c)(2). Because Hairston raised no objection at trial to the failure to reduce the plea agreement to writing and disclose it in open court, and has not demonstrated any harm, we affirm.

On the morning of trial, February 4, 1992, the Commonwealth's Attorney and defense counsel advised the trial judge that a plea agreement had been reached. A conference to discuss the matter was held in chambers. The trial judge, Hairston and his two attorneys, the Commonwealth's Attorney and a court reporter were present in chambers. Hairston indicated that he wished to plead guilty and that this plea was freely and voluntarily given. Based upon the discussion in chambers, the crux of the agreement was that in return for Hairston's plea of guilty to all the charges, the Commonwealth's Attorney would not seek the death penalty on the capital murder charge. Hairston also agreed to cooperate with the Commonwealth by testifying truthfully in the trial of a co-defendant. The trial judge questioned Hairston as follows:

The Court: Okay, you've heard that. Is that your understanding of what the Agreement is?

Mr. Hairston: Yes sir.

The Court: All right. Do you have any questions about that?

Mr. Hairston: No sir.

The Court: And you've gone over that with Mr. Rogers and Mr. Williams, your attorneys?

Mr. Hairston:   Yes sir.

The Court:   And, ya'll have all indicated that you consent to . . . you go along with, and concur with that?

Mr. Hairston:   Yes sir.

Following the conference in chambers, Hairston was formally arraigned in the courtroom and entered his guilty pleas pursuant to the plea agreement. Hairston then filled out a three page guilty plea questionnaire, which he and his attorneys endorsed. In the questionnaire, Hairston acknowledged that he had entered into a plea agreement with the Commonwealth. The judge then questioned Hairston regarding the voluntariness of his pleas. The trial court found

> as a matter of fact, that the defendant has tendered a plea of guilty, to each of the charges . . . has done so freely, voluntarily, intelligently, and with a full and complete knowledge and understanding of all of the consequences, and after having been advised and consulting with his two attorneys, who were appointed to represent him on these charges.

Based upon the defendant's guilty pleas, the trial court found him guilty of the three offenses charged in the indictment.

On April 27, 1992, the court held a hearing on Hairston's *pro se* motion to withdraw his guilty plea. On the stand, Hairston withdrew his motion and stated that after consulting counsel he decided to continue with his guilty plea. A sentencing hearing was held on April 30, 1992. Pursuant to the plea agreement, the Commonwealth's Attorney argued that Hairston should be given "consideration" because he had pled guilty and because he had turned State's evidence. The trial court sentenced Hairston to two life sentences on the capital murder and robbery convictions and to twenty years, suspended, on the conviction of conspiracy to commit capital murder.

Rule 3A:8(c)(2) provides, in pertinent part:

> If a plea agreement has been reached by the parties, it shall, in every felony case, be reduced to writing, signed by the attorney for the Commonwealth, the defendant, and, in every case, his attorney, if any, and presented to the court. The court shall require the disclosure of the agreement in open court or, upon a showing of good cause, in camera, at the time the plea is offered.

Hairston contends that the trial court committed reversible error by failing to require that the plea agreement be reduced to writing and disclosed in open court. However, Hairston raised no objection on these grounds before the trial court. Therefore, under Rule 5A:18, we may not consider Hairston's objection for the first time on appeal. *See Jacques v. Commonwealth*, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (refusing to consider an argument on appeal not presented to the trial court).

At oral argument, Hairston's counsel urged this Court to invoke the "ends of justice" exception to Rule 5A:18 because Hairston's waiver of his constitutional right to plead not guilty could not be knowing or intelligent where the plea agreement was not reduced to writing. In support of this contention, Hairston asserts that it is not clear whether part of the plea agreement required him to testify against a co-defendant. The record belies Hairston's assertion:

[COMMONWEALTH'S ATTORNEY]: But, it is the Agreement that I will not recommend the capital . . . the death penalty for the Capital Murder charge, and also, it is my understanding that Mr. Hairston will turn State's evidence against Rodney Jones, if we decide to use him, and all of this is predicated on the fact that he tell the truth.

THE COURT: Okay, you've heard that. Is that your understanding of what the Agreement is?

MR. HAIRSTON: Yes sir.

Hairston also contends that he was not fully aware of the consequences of his plea because he filled out the section of the questionnaire involving "dispositional pleas," rather than "recommendation pleas." As a result, Hairston contends he was not aware that the Commonwealth's Attorney's agreement not to seek the death penalty for the capital murder charge was not binding on the court and, in the event the court did not accept the recommendation, he could not withdraw his plea. *See* Rule 3A:8(c)(1)(B) and (c)(2). Hairston's contention, however, does not concern the failure of the plea agreement to be in writing. Rather, this argument concerns an oversight in the completion of the questionnaire, which is unrelated to whether the plea agreement was in writing. Therefore, the fact that Hairston failed to complete the appropriate section of the questionnaire is of no moment in

determining whether this Court must invoke the "ends of justice" exception. As a result, Hairston has failed to establish how he was harmed by the failure to reduce the plea agreement to writing.

The "ends of justice" provision may be used only "when the record affirmatively shows that a miscarriage of justice has occurred." *Mounce v. Commonwealth*, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). To warrant application of the "ends of justice" provision, "[t]he error must involve substantial rights." *Brown v. Commonwealth*, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989). Rule 3A:2(a) states that any "[e]rrors, defects, irregularities or variances that do not affect substantive rights shall not constitute reversible error."[1]

Hairston's substantial rights were not implicated by the fact that the plea agreement was not in writing or disclosed in open court. The purpose of Rule 3A:8(c)(2), a procedural rule, is to ensure that plea agreements are fully disclosed to both the trial court and the defendant. That purpose was fully accomplished here. The record shows that the terms of the plea agreement were fully presented to the trial court and that Hairston acknowledged that the oral presentation of the plea agreement was consistent with his understanding of the agreement. Thus, Hairston was convicted and sentenced consistent with his understanding of the agreement as expressly stated on the record. Because the record does not affirmatively demonstrate that a miscarriage of justice occurred, we find that the "ends of justice" do not require our review of the failure to reduce the terms of the plea agreement to writing or disclose it in open court.

We conclude that our review of the issue raised for the first time on appeal is procedurally barred pursuant to 5A:18. Additionally, although we do not condone the trial court's failure to require compliance with the procedural rule, Hairston has shown no harm as a result of the failure to reduce the plea agreement to writing and to disclose it in open court. For these reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Moon, C.J., and Barrow, J., concurred.

---

[1] The full text of Rule 3A:2(a) sets forth the purpose and interpretation of Rule 3A:8: These Rules are intended to provide for the just determination of criminal proceedings. They shall be interpreted so as to promote uniformity and simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay. Errors, defects, irregularities or variances that do not affect substantive rights shall not constitute reversible error.