COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judge Kelsey and Senior Judge Bumgardner
Argued at Richmond, Virginia

KERRY LEE WINSLOW

OPINION BY
v.    Record No. 2113-12-1    JUDGE D. ARTHUR KELSEY
NOVEMBER 12, 2013

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Kenneth R. Melvin, Judge

Barrett R. Richardson (Richardson and Rosenberg, LLC,
on brief), for appellant.

Leah A. Darron, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief),
for appellee.


In the trial court, Kerry Lee Winslow pled guilty to charges of grand larceny of a firearm

and possession of a firearm by a convicted felon.  On appeal, Winslow argues for the first time

that the trial court's acceptance of his guilty plea violated Rule 3A:8(c)(2)'s requirement that the

plea agreement "be reduced to writing" and signed by the parties.  We affirm his convictions.

I.

Midway through his jury trial, Winslow asked the trial court for a brief recess for the

purpose of negotiating a possible plea agreement.  The court agreed to do so, and the parties

reached an oral agreement calling for guilty pleas to both charges, accompanied by stipulated

sentences.  In open court, the parties recited into the record the specific terms and conditions of

the agreement.  The trial court conducted an extensive colloquy with Winslow to confirm that he

understood the agreement and had entered into it freely, knowingly, and voluntarily.  The court

then accepted the plea agreement, entered final judgment, and imposed the agreed-upon

sentences.  A court reporter was present during the entire proceeding and transcribed verbatim

the plea agreement of the parties and the colloquy with the trial court. At no point in the trial court proceedings did Winslow object to his convictions on the ground that the trial court accepted his plea agreement in violation of Rule 3A:8(c)(2).

II.

On appeal, Winslow argues that his plea agreement violated Rule 3A:8(c)(2), which requires that plea agreements "be reduced to writing" and signed by the parties. This violation, Winslow reasons, rendered his conviction order "void *ab initio*" — thus relieving him of his obligation to raise the issue in the trial court. Appellant's Br. at 17. Even if the violation does not rise to that magnitude, Winslow contends that the ends-of-justice exception to Rule 5A:18 should permit him to make his objection to his plea agreement for the first time on appeal. We disagree with both assertions.

A. VOID *AB INITIO* VS. VOIDABLE

In this case, as in most, whether an alleged error by a trial court renders its order void *ab initio* or merely voidable turns on the distinction "between a court lacking jurisdiction to act upon a matter and the court, while properly having jurisdiction, nonetheless erring in its judgment." Kelley v. Stamos, 285 Va. 68, 75, 737 S.E.2d 218, 221-22 (2013).[1] An order void *ab initio* is "without effect from the moment it came into existence," id., and can be attacked "by all persons, anywhere, at any time, or in any manner," Wright v. Commonwealth, 52 Va. App. 690, 704, 667 S.E.2d 787, 794 (2008) (*en banc*) (quoting Singh v. Mooney, 261 Va. 48, 51-52, 541 S.E.2d 549, 551 (2001)). Deeming an order void *ab initio* effectively sidelines procedural default principles, including Rule 5A:18's requirement that arguments on appeal seeking to

---

[1] Judicial orders can also be declared void *ab initio* for reasons other than lack of subject-matter jurisdiction. See, e.g., Kelley, 285 Va. at 75-78, 737 S.E.2d at 221-23; Wright v. Commonwealth, 52 Va. App. 690, 704, 667 S.E.2d 787, 793-94 (2008) (*en banc*). But none of these reasons are implicated in this case.

overturn a trial court order must first be presented and ruled upon by the trial court. See, e.g., Gheorghiu v. Commonwealth, 280 Va. 678, 689, 701 S.E.2d 407, 414 (2010) (describing "a conviction based on a void sentence" as one of the "limited circumstances" in which the ends-of-justice exception is applied); Gordon v. Commonwealth, 61 Va. App. 682, 685-86, 739 S.E.2d 276, 278 (2013) (applying the ends-of-justice exception to an order that was void *ab initio*).

A violation of Rule 3A:8(c)(2) procedures does not undermine the trial court's subject-matter jurisdiction. A trial court's power to hear a criminal case comes not from the Rules of Court but from the Virginia Constitution and the Acts of Assembly.[2] Judicial power, after all, derives from "the sovereign authority which organizes the court," Thacker v. Hubard, 122 Va. 379, 386, 94 S.E. 929, 930 (1918) (quoting Cooper v. Reynolds, 77 U.S. 308, 316 (1870)), not from the court itself. Rule 3A:8(c)(2) merely imposes procedural requirements on the trial court's acceptance of a guilty plea. See Hairston v. Commonwealth, 16 Va. App. 941, 945, 434 S.E.2d 350, 353 (1993), cited with approval in Morrissey v. Va. State Bar, 248 Va. 334, 341, 448 S.E.2d 615, 619 (1994).

In other words, the formalities required by Rule 3A:8(c)(2) have nothing to do with the judicial *power* of the court, only the proper exercise of the power it already possesses. See United States v. Timmreck, 441 U.S. 780, 783 (1979) (holding a violation of Fed. R. Crim. P. 11, governing guilty pleas, "is neither constitutional nor jurisdictional"); see also Gardner v. Warden, 222 Va. 491, 493 n.*, 281 S.E.2d 876, 877 n.* (1981) (stating that Rule 3A:11, which

---

[2] It is "fundamental doctrine," Barnes v. Am. Fertilizer Co., 144 Va. 692, 705, 130 S.E. 902, 906 (1925), that subject-matter jurisdiction "can only be acquired by virtue of the Constitution or of some statute." Shelton v. Sydnor, 126 Va. 625, 629, 102 S.E. 83, 85 (1920); see also Bd. of Supervisors v. Bd. of Zoning Appeals, 271 Va. 336, 344, 626 S.E.2d 374, 379 (2006); Humphreys v. Commonwealth, 186 Va. 765, 772-73, 43 S.E.2d 890, 894 (1947); Swalef v. Anderson, 50 Va. App. 100, 106 n.4, 646 S.E.2d 458, 461 n.4 (2007); Winston v. Commonwealth, 26 Va. App. 746, 752, 497 S.E.2d 141, 144 (1998).

was renumbered as Rule 3A:8 in 1984, "is substantially equivalent to Fed. R. Crim. P. 11").[3]

"This distinction guards against the *faux* elevation of a court's failure to comply with the requirements for exercising its authority to the same level of gravity as a lack of subject matter jurisdiction." De Avies v. De Avies, 42 Va. App. 342, 345-46, 592 S.E.2d 351, 352 (2004) (*en banc*) (internal quotation marks omitted). "In this sense, a trial court has 'jurisdiction to err' just as an appellate court has jurisdiction to correct such errors." Id. at 346, 592 S.E.2d at 352 (quoting Parrish v. Jessee, 250 Va. 514, 521, 464 S.E.2d 141, 146 (1995)).

In short, even if the trial court violated Rule 3A:8(c)(2) by accepting Winslow's plea agreement without the required formalities, that error would not render the conviction order void *ab initio.* It might render the order voidable on direct appeal, but only if Winslow complied with the procedural default principles applicable to appellate review.

## B.  Rule 5A:18 — Ends of Justice

Winslow concedes he did not challenge in the trial court either his plea agreement or the conviction order based upon it. That should not matter, he contends, because the alleged violation of Rule 3A:8(c)(2) was serious enough to trigger the ends-of-justice exception to Rule 5A:18.[4] We disagree.

---

[3] Accord United States v. Noriega-Milln, 110 F.3d 162, 166-67 (1st Cir. 1997) (stating that a guilty plea should not be "set aside . . . for mere technical violations of the rule's procedural requirements"); State v. Andrews, 624 A.2d 1235, 1236 (Me. 1993) (holding that a violation of the procedural requirements for accepting a guilty plea "will not automatically vitiate" the plea); People v. Ingram, 484 N.W.2d 241, 243 (Mich. 1992) (refusing to entertain a collateral attack on a guilty plea on the assertion that the "plea-taking court" failed to "adhere to applicable plea-taking requirements during the plea proceeding"); State v. Yates, 726 A.2d 483, 487 n.2 (Vt. 1999) (noting that "a mere technical violation" of the rule governing guilty pleas "will not invalidate a guilty plea absent a showing of prejudice").

[4] Winslow's appellate counsel did not represent him in the trial court. As Winslow concedes on appeal, his trial court counsel "did not raise an objection during the trial over the fact that the plea agreement was unwritten," Appellant's Br. at 19, or that it was unsigned.

- 4 -

The ends-of-justice doctrine is "a narrow exception that should be used sparingly." Alford v. Commonwealth, 56 Va. App. 706, 710, 696 S.E.2d 266, 268 (2010) (quoting Brittle v. Commonwealth, 54 Va. App. 505, 512, 680 S.E.2d 335, 339 (2009)). "It is never enough for the defendant to merely assert a winning argument on the merits — for if that were enough procedural default 'would never apply, except when it does not matter.'" Id. (quoting Delaney v. Commonwealth, 55 Va. App. 64, 69, 683 S.E.2d 834, 836 (2009)). Taken to its logical conclusion, such an approach would mean that only losing arguments could be waived and "every issue would be subject to appellate review regardless of whether the issue was properly preserved." Id. (quoting Brittle, 54 Va. App. at 513, 680 S.E.2d at 339).

To prevent the exception from swallowing the rule, Virginia courts applying the ends-of-justice exception require a defendant to present not only a winning argument on appeal but also one demonstrating that the trial court's error results in a "grave injustice" or a wholly inexcusable "denial of essential rights." Brittle, 54 Va. App. at 513, 680 S.E.2d at 339 (internal quotation marks omitted). In criminal cases, this usually requires a showing that the defendant was "convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." Id. (internal quotation marks omitted). Winslow's arguments in this case fall far short of meeting this standard.

To begin with, we are not at all confident that the court reporter's verbatim transcription of the terms of the plea agreement violated Rule 3A:8(c)(2)'s requirement that the agreement "be reduced to writing."[5] We need not decide the point, however. The only clear violation of Rule

---

[5] The parties' briefs do not address whether the official transcript filed with the trial court satisfied the writing requirement. See, e.g., Pilati v. Pilati, 59 Va. App. 176, 181-82, 717 S.E.2d 807, 809-10 (2011) (recognizing the statutory requirement that a court make "written findings and conclusions" can be satisfied by reciting them from the bench and reducing them to writing in an official transcript); accord 1974 Advisory Committee Notes to Fed. R. Crim. P. 11 (noting "four possible methods" of incorporating the plea agreement into the record, including that "the

3A:8(c) appears to be the absence of signatures, a point Winslow mentions only briefly. And neither of these irregularities, considered together or separately, demonstrates that Winslow was convicted of a non-existent crime. Nor do they suggest, much less affirmatively prove, his innocence.

To be sure, Winslow does not claim that the transcript inaccurately recorded the terms of his plea agreement, that his conviction order in any way deviated from the agreement, or that his plea was involuntary or even ill-advised. His position on appeal, therefore, could not survive the general admonition that "[e]rrors, defects, irregularities or variances that do not affect substantive rights" — even when properly preserved for appellate review — "shall not constitute reversible error." Rule 3A:2(a). See generally Ray v. Commonwealth, 55 Va. App. 647, 651 n.2, 688 S.E.2d 879, 881 n.2 (2010); Kirby v. Commonwealth, 50 Va. App. 691, 698-99, 653 S.E.2d 600, 603-04 (2007). All the more, his assertion of error could not constitute the kind of grave, inexcusable injustice contemplated by the ends-of-justice exception to Rule 5A:18.[6]

## III.

Because Winslow did not assert in the trial court that Rule 3A:8(c)(2) precluded the court from accepting his plea agreement and issuing a conviction order based upon it, he cannot raise this assertion for the first time on appeal. The conviction order was not void ab *initio*, and the ends-of-justice exception does not excuse Winslow's procedural default.

Affirmed.

---

bargain could be stated orally and recorded by the court reporter, whose notes then must be preserved or transcribed" (quoting People v. West, 477 P.2d 409, 418 (Cal. 1970)).

[6] Given our holding, we need not address the Commonwealth's argument that Winslow's position on appeal should be rejected as violative of the approbate-reprobate doctrine of procedural default.