UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Russell and AtLee
Argued by teleconference

MARK WILLIAM BREZNICK

MEMORANDUM OPINION[*] BY
v.        Record No. 0982-19-3            JUDGE RANDOLPH A. BEALES
JULY 28, 2020

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
W. Chapman Goodwin, Judge

Eric M. Anderson, Assistant Public Defender, for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Appellant Mark William Breznick was convicted of misdemeanor driving with a suspended

or revoked license (second offense) in general district court.  He appealed the conviction to the

circuit court for a *de novo* trial.  Following a *de novo* jury trial in the circuit court, he was convicted

of driving with a suspended or revoked license (first offense).  The jury recommended a sentence of

seven months in jail, which the trial judge accepted and imposed.  On appeal, Breznick contends

that the circuit court lacked subject matter jurisdiction to hear the appeal because his notice of

appeal to the circuit court was not timely filed.  He also contends that the circuit court "erred in

sentencing [him] to jail when the Commonwealth had previously and expressly waived jail."

I. BACKGROUND

On July 14, 2018, Virginia State Police Trooper Jared Stuart Martin conducted a traffic

stop in Augusta County of a vehicle driven by Breznick.  During the stop, Breznick voluntarily

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

told Martin that he was not licensed. Trooper Martin confirmed through the Department of Motor Vehicles that Breznick's license was suspended and issued Breznick a summons.

General District Court Proceedings

On August 14, 2018, Breznick was tried in the General District Court of Augusta County (GDC) for driving with a suspended license (second offense) in violation of Code § 46.2-301. The order from his trial in GDC is in the form of a Virginia Uniform Summons and is dated August 14, 2018. On the order, in the location where the judge can check a box to indicate his verdict, both the box for "finding sufficient deferred" and the box for "guilty as charged" are checked. The order also states that the GDC judge imposed a fine of $200 and ordered Breznick's driver's license suspended for sixty days. In the top right-hand corner of the order, below the words "Hearing Date and Time," the order states, "12/20/18 @ 9:00 Referred to VASAP." A separate order in the record, which states that it was hand-delivered to Breznick on August 14, 2018, shows that Breznick was ordered to appear back in GDC on December 20, 2018, at 9:00 a.m.

On December 6, 2018, a letter was sent from Valley Alcohol Safety Action Program (VASAP) to Judge Rupen Shah at the GDC regarding Breznick. The letter states that Breznick was referred to VASAP on August 14, 2018, and that he was ordered to complete a "Driving Suspended Class." The letter indicates that Breznick's case was being returned to the court "as having Not complied with all requirements." On the top right-hand corner of the letter, there is a handwritten note stating, "file with papers for review on the date when [defendant] is coming back."

On December 20, 2018, Breznick filed a notice of appeal appealing his GDC conviction to the circuit court. On his notice of appeal, Breznick indicated that the date of his conviction in the GDC was December 20, 2018.

On January 17, 2019, Breznick appeared in the Circuit Court of Augusta County to set a trial date for a *de novo* trial on the charge. Breznick represented himself *pro se*. At the hearing, the trial judge noted that the charge "does carry a jail sentence." However, the attorney for the Commonwealth stated, "And the Commonwealth wouldn't - - we would be waiving jail time." The trial court judge asked for confirmation, stating, "All right, so you are not asking for jail time?" The attorney for the Commonwealth responded, "Not on a second offense, no sir." The judge asked again if the Commonwealth was asking for a jail sentence, and the prosecutor responded, "No sir, we are waiving it."

The trial judge and the parties then discussed how, if Brenzick could get his license back prior to trial, the Commonwealth would move to amend the charged offense. The prosecutor stated that she would move to reduce the charge to a charge for "no operator's license," which the prosecutor stated carried only a $50 fine. When the judge and the attorney for the Commonwealth established an acceptable date for trial, the judge asked Breznick, "Does that give you time to get an attorney or to figure out how to proceed in Circuit Court or get your license back or whatever it is you are going to do?" Breznick confirmed the date and time and then asked, "And this is for trial by jury, correct?" In response, the judge asked if Breznick wanted to come back to the circuit court with his license or if he wanted to have a trial by jury. Breznick responded that he wanted to get his license back, but if he could not, then he wanted a trial by jury. The trial judge explained to Breznick that if the jury were to find Breznick guilty, then Breznick could be subject up to "[t]welve months in jail and a twenty-five hundred dollar fine." The judge also informed Breznick of the costs associated with a jury trial and explained again "that the jury may assess a penalty of up to twenty-five hundred dollars and a period of

twelve months in jail." At the conclusion of the hearing, the case was set for a jury trial at Breznick's request.

Breznick was then tried by a jury on May 21, 2019. Breznick again represented himself at the jury trial and pled not guilty. Before the trial, the trial judge asked Breznick, "Do you understand that the maximum sentence for this charge if you're convicted is twelve months in jail plus a twenty-five hundred dollar fine, either or both?" Breznick responded, "Yes." Breznick again requested a jury trial. Before the closing arguments, the trial judge read the jury instructions to the parties, including one that informed the jury that, among their options for sentencing, they could set the defendant's punishment at up to twelve months in jail.

At the conclusion of the jury trial, Breznick was found guilty.[1] The court proceeded immediately to sentencing, where the Commonwealth told the jury that "[t]he Commonwealth does think some jail time is appropriate in this case." Breznick argued that jail time was not appropriate. After deliberating, the jury returned and recommended that Breznick serve seven months. The trial court imposed the recommended sentence with no time suspended. This appeal followed.

## II. ANALYSIS

On appeal, Breznick raises two assignments of error. In his first assignment of error, he argues, "The trial court erred in hearing the appeal, because it lacked jurisdiction, as the apparent order of the General District Court was from August 2018, and the appeal was dated in December 2018." In his second assignment of error, he contends that the "trial court erred in sentencing the defendant to jail when the Commonwealth had previously and expressly waived jail."

---

[1] The final order reflects that the Commonwealth amended the summons to remove "second offense," and Breznick was convicted of driving with a revoked license, first offense.

- 4 -

A.  Whether the Circuit Court had Jurisdiction to Hear Breznick's Appeal from GDC

Breznick contends that the order from the GDC was final on August 14, 2018, rendering his December 20, 2018 notice of appeal untimely.  Brenzick concedes, however, in his brief to this Court that he appeared again in GDC on December 20, 2018, but states that his appearance was "for reasons unclear in the record."  The Commonwealth asserts that Breznick received a deferred disposition on August 14, 2018, and that he was actually found guilty and sentenced on December 20, 2018.

Breznick concedes that he did not preserve this assignment of error on the record for this Court's review.  However, Breznick argues that, because his notice of appeal from the GDC conviction was not timely filed, the circuit court lacked subject matter jurisdiction over his case, and challenges to subject matter jurisdiction may be raised at any time.  Therefore, as an initial matter, we must consider whether the late filing of a notice of appeal from GDC to circuit court implicates the circuit court's subject matter jurisdiction to hear the case.  This issue presents questions of law that we review *de novo*.  Riddick v. Commonwealth, 72 Va. App. 132, 139 (2020).[2]

"Subject matter jurisdiction 'refers to a court's power to adjudicate a class of cases or controversies[.]'"  Id. at 141 (alteration in original) (quoting Cilwa v. Commonwealth, 298 Va. 259, 266 (2019)).  "The subject matter jurisdiction of circuit courts is 'entirely prescribed by statute.'"  Id. at 143-44 (quoting Kelley v. Stamos, 285 Va. 68, 75 (2013)).  It "can only be acquired by virtue of the Constitution or of some statute.  Neither the consent of the parties, nor

_____

[2] At oral argument before this Court, Breznick's appellate counsel largely acknowledged that this Court's decision in Riddick v. Commonwealth, 72 Va. App. 132 (2020) – which was released after Breznick filed his brief but prior to oral argument – was problematic for his subject matter jurisdiction argument.  At oral argument, counsel directed this Court to the decision in Singh v. Mooney, 261 Va. 48 (2001).  However, that decision, which held that "an order entered in violation of Rule 1:13 is voidable, not void *ab initio*," does not support Breznick's position. Singh, 261 Va. at 54.

waiver, nor acquiescence can confer it." Pure Presbyterian Church of Washington v. Grace of God Presbyterian Church, 296 Va. 42, 49 (2018) (quoting Humphreys v. Commonwealth, 186 Va. 765, 772-73 (1947)), cert. dismissed, 139 S. Ct. 942 (2019).

"Without [subject matter] jurisdiction the court cannot proceed at all in any cause." Id. at 50 (quoting Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869)). "[A] judgment on the merits made without subject matter jurisdiction is null and void." Id. (quoting Morrison v. Bestler, 239 Va. 166, 169 (1990)). "In the eyes of the law, such an order is not merely an erroneous order – it is no order at all." Cilwa, 298 Va. at 266. "Because a court order entered in the absence of subject matter jurisdiction is void from the time of its entry, many of the normal rules regarding challenging orders, such as the contemporaneous objection rule, do not apply." Riddick, 72 Va. App. at 142. Accordingly, a challenge to a circuit court's subject matter jurisdiction can be made at any time, including for the first time on appeal. Id.

In addition to subject matter jurisdiction, "other jurisdictional elements are also needed to vest a circuit court with 'the authority to adjudicate a particular case upon the merits[.]'" Id. (quoting Pure Presbyterian, 296 Va. at 49). "Combined with subject matter jurisdiction, the presence of these other jurisdictional elements vests a court with what the Supreme Court has 'termed "active jurisdiction[.]"'" Id. (quoting Pure Presbyterian, 296 Va. at 49). Those elements include:

> subject matter jurisdiction, which is the authority granted through constitution or statute to adjudicate a class of cases or controversies; territorial jurisdiction, that is, authority over persons, things, or occurrences located in a defined geographic area; notice jurisdiction, or effective notice to a party or if the proceeding is *in rem* seizure of a *res*; and "the other conditions of fact must exist which are demanded by the unwritten or statute law as the prerequisites of the authority of the court to proceed to judgment or decree."

Pure Presbyterian, 296 Va. at 49 (quoting Morrison, 239 Va. at 169). "Simply stated, active jurisdiction requires a court with subject matter jurisdiction to adjudicate a case consistent with the law governing that adjudication." Cilwa, 298 Va. at 266-67.

Unlike defects in subject matter jurisdiction, defects in active jurisdiction *can* be waived and cannot be collaterally attacked. Id. at 270-71. "Accordingly, a claim that a court lacks active jurisdiction cannot be raised for the first time on appeal and is subject to the contemporaneous objection rule." Riddick, 72 Va. App. at 143 (citing Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling[.]")).

Pursuant to Code § 17.1-513, circuit courts have "appellate jurisdiction of all cases, civil and criminal, in which an appeal, writ of error or supersedeas may, as provided by law, be taken to or allowed by such courts, or the judges thereof, from or to the judgment or proceedings of any inferior tribunal." In addition, Code § 16.1-132 clearly provides a person convicted "in a district court of an offense not felonious" with the right to appeal the conviction to circuit court. In short, these statutes clearly grant circuit courts with subject matter jurisdiction to hear appeals of misdemeanor convictions from general district courts. See Riddick, 72 Va. App. at 144. ("Together, these statutes grant circuit courts subject matter jurisdiction over appeals of general district court convictions such as the ones at issue here.").

Breznick was convicted of a misdemeanor in GDC and appealed to the circuit court for a *de novo* trial. His case falls precisely within the "class of cases or controversies" over which the Code grants jurisdiction to circuit courts to adjudicate. Therefore, the circuit court had subject matter jurisdiction over the appeal. The question of whether the circuit court erred in hearing an appeal that was allegedly not timely filed is a question of whether the circuit court had active jurisdiction. Whether the appeal was timely filed was a "condition[] of fact," required by a

- 7 -

statute (Code § 16.1-132), that gave the circuit court authority to proceed.  See Pure

Presbyterian, 296 Va. at 49; cf. Bd. of Supervisors of Fairfax County v. Bd. of Zoning Appeals

of Fairfax County, 271 Va. 336, 347-48 (2006) (holding "County's failure to file the petition for

a writ of certiorari under Code § 15.2-2314 within 30 days of the final decision of the [Board of

Zoning Appeals] did not divest the circuit court of its subject matter jurisdiction").  By

adjudicating the case, the circuit court implicitly concluded that the condition was met, and

Breznick was required to object to that decision at the time it was made in order to preserve it for

appeal.  Because he failed to make that objection, we cannot reach his assertion on appeal that

his notice of appeal was not timely filed.[3]

B.  Whether the Circuit Court Erred in Sentencing Defendant to Jail

In his second assignment of error, Breznick contends that the circuit court erred in

sentencing him to jail "when the Commonwealth had previously and expressly waived jail."  He

argues that the attorney for the Commonwealth initially stated that the Commonwealth was not

seeking jail time and then changed her mind based on Breznick's request for a jury trial.

Breznick argues that "it works a miscarriage of justice to permit the defendant to be told that the

---

[3] To the extent that Breznick has requested that this Court consider this assignment of error under the ends-of-justice exception to Rule 5A:18, the exception is inapplicable because Breznick invited the alleged error that he asks this Court to reverse.  See Alford v. Commonwealth, 56 Va. App. 706, 709 (2010) (stating that defendant's act of inviting the circuit court to make the error "renders Rule 5A:18's ends-of-justice exception inapplicable").  When Breznick filed his notice of appeal to the circuit court, he invited the circuit court to make the alleged error by asking that the circuit court exercise its jurisdiction to adjudicate his case.  He cannot now take advantage of the circuit court's decision to do exactly as he requested.  Moreover, "[t]he Supreme Court has held that '[a] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory.'"  Nelson v. Commonwealth, 71 Va. App. 397, 403 (2020) (quoting Rowe v. Commonwealth, 277 Va. 495, 502 (2009)).  Breznick cannot now take the position that his conviction was final on August 14, 2018, because, when he filed his notice of appeal to the circuit court, he noted that his conviction date was December 20, 2018.  Accordingly, the ends-of-justice exception does not apply.  See id. at 405 ("[T]here is no "ends of justice" exception to the approbate and reprobate doctrine.").

- 8 -

Commonwealth is waiving jail time, and then thereafter – and upon his demand for a jury trial – have the Commonwealth reverse course and seek the imposition of a jail sentence." He claims that the Commonwealth's decision to seek jail time in "immediate response to the defendant's election to have a jury trial gives rise to a marked suspicion under the Due Process clause that the change stemmed from prosecutorial vindictiveness." Breznick conceded at oral argument before this Court that he did not object to the Commonwealth's request for jail time while the case was still within the jurisdiction of the trial court, and he requests that this Court consider his argument under the ends-of-justice exception to Rule 5A:18.[4]

The ends-of-justice doctrine is "a narrow exception that should be used sparingly." Winslow v. Commonwealth, 62 Va. App. 539, 546 (2013) (quoting Alford v. Commonwealth, 56 Va. App. 706, 710 (2010)). "Our Supreme Court has limited the '[a]pplication of the ends of justice exception [to cases where] the judgment of the trial court was error and application of the exception is necessary to avoid a grave injustice or the denial of essential rights.'" Brittle v. Commonwealth, 54 Va. App. 505, 513 (2009) (alterations in original) (quoting Rowe v. Commonwealth, 277 Va. 495, 503 (2009)). "In criminal cases, this usually requires a showing that the defendant was 'convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur.'" Winslow, 62 Va. App. at 547

---

[4] In his opening brief, in addition to requesting that this Court consider the assignment of error under the ends-of-justice exception to Rule 5A:18, Breznick also claims to have preserved his argument in a post-trial motion, which was filed by his subsequently appointed appellate counsel. However, the post-trial motion was not filed until after the trial court lost jurisdiction to rule on the motion. See Rule 1:1. The motion was filed on June 21, 2019, which was more than twenty-one days from the date of the May 24, 2019 final judgment. Therefore, the motion did not preserve Breznick's argument for appeal. See Newsome v. Newsome, 18 Va. App. 22, 25 (1994) (finding that husband's post-trial motion to reconsider did not preserve his arguments for appellate review because the motion was not filed within the 21 days following the entry of the final judgment).

(quoting Brittle, 54 Va. App. at 513). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." Brittle, 54 Va. App. at 514.

In this case, Breznick has not met his burden of establishing "a manifest injustice." See id. Breznick certainly has not shown that he was convicted for conduct that was not a criminal offense or that an element of the offense did not occur. In an effort to show a violation of due process, Breznick relies upon Blackledge v. Perry, 417 U.S. 21, 28 (1974), wherein the United States Supreme Court stated that "[a] person convicted of an offense is entitled to pursue his statutory right to a trial de novo, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration." However, the Commonwealth did not seek a more serious charge against Breznick when he was tried in circuit court, and Breznick concedes that case law in Virginia establishes that due process is not offended when a greater punishment is imposed in a *de novo* trial on appeal pursuant to Code § 16.1-132. See Evans v. City of Richmond, 210 Va. 403, 407 (1969). Therefore, the fact that Breznick was sentenced to a greater punishment after his *de novo* trial in circuit court does not establish a violation of due process or show that a manifest injustice occurred.

Moreover, the record reflects that while the attorney for the Commonwealth initially stated that the Commonwealth would not seek jail time for the offense, the trial judge made it clear to Breznick that, regardless of the Commonwealth's statement, in the event of a jury trial,

he would allow the jury full discretion to recommend a sentence.[5] The trial judge repeatedly informed Breznick that, if he wanted to have a jury trial, Breznick could be subject to the maximum sentence permitted by statute. The trial judge told Breznick several times at the January 17, 2019 hearing that, if Breznick chose to have a jury trial, he could receive a sentence of up to twelve months in jail and up to a twenty-five hundred dollar fine. The trial judge warned Breznick of this possibility again prior to the start of Breznick's May 21, 2019 trial, and Breznick affirmatively stated that he understood that he could be sentenced to twelve months in jail. The trial judge asked Breznick, "Do you understand that the maximum sentence for this charge if you're convicted is twelve months in jail plus a twenty-five hundred dollar fine, either or both?" Breznick responded, "Yes." Accordingly, because the sentencing proceeded just as the trial judge warned Breznick it might, Breznick has failed to establish that a manifest injustice occurred when the jury recommended seven months in jail, and the trial judge sentenced him to that seven months in jail.

## III. CONCLUSION

On appeal to this Court, Breznick argued for the first time that the circuit court lacked jurisdiction to adjudicate his appeal from the GDC. Breznick argues that, even though he did not present this argument to the trial court, he can raise it for the first time on appeal because it is a challenge to the circuit court's subject matter jurisdiction and such challenges can be raised at any time. However, Breznick's appeal of his misdemeanor conviction in the GDC for a *de novo*

---

[5] Breznick argues, "The court and commonwealth making such assertions [regarding waiver of jail time] is consistent with §19.2-160, language relating to the appointment of counsel and the ability of the court to accept a waiver of jail time." However, the record does not support the conclusion that Code § 19.2-160 applies to this case. Among other requirements, Code § 19.2-160 requires that the circuit court state in writing "that a sentence of incarceration will not be imposed if the defendant is convicted." Not only did the circuit court not state in writing that a sentence of incarceration would not be imposed, but the circuit court judge also told Breznick repeatedly that he could be sentenced to jail if he opted for a jury trial.

trial in the circuit court falls precisely within the class of cases and controversies Code § 17.1-513 and Code § 16.1-132 grant the circuit court authority to adjudicate. The question of whether Breznick's notice of appeal was timely filed concerns the circuit court's active jurisdiction, which can be waived if not preserved. Because Breznick failed to preserve this argument in circuit court, we cannot address it on appeal.

Breznick also failed to preserve his second assignment of error, and he has not met his burden of proving that a manifest injustice occurred, as required under the ends-of-justice exception analysis that he urges. Although the Commonwealth initially agreed to waive jail time, the trial judge made it clear to Breznick that, if Breznick wanted to be tried by a jury, the trial judge would allow the jury the discretion to sentence Breznick as it saw fit up to the maximum allowed by statute. The trial judge repeatedly warned Breznick that if he was tried by a jury, he could receive up to twelve months in jail. Breznick stated that he understood this warning and insisted on proceeding with a jury trial anyway. The fact that the sentencing proceeded precisely as the trial judge warned Breznick it might – with the jury sentencing Breznick to seven months in jail – certainly does not establish that a manifest injustice occurred. Moreover, simply because Breznick was sentenced to a greater sentence after his circuit court conviction than the sentence he received in general district court does not establish that prosecutorial vindictiveness or a violation of due process occurred. Consequently, as Breznick has not established that a manifest injustice occurred, Rule 5A:18 bars our consideration of his argument.

For all of these reasons, we affirm the circuit court's conviction of Breznick for driving with a suspended or revoked license (first offense).

Affirmed.