COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, O'Brien and Fulton
Argued at Norfolk, Virginia

UNPUBLISHED

EBONEE ARNAE HINES

MEMORANDUM OPINION[*] BY
v.      Record No. 0704-23-1        JUDGE MARY GRACE O'BRIEN
JUNE 11, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
David W. Lannetti, Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

Liam A. Curry, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Ebonee Arnae Hines (appellant) appeals her conviction for assault and battery of a family

member in violation of Code § 18.2-57.2. Appellant contends the court erred because that

offense was not a lesser-included offense of the indicted charge. She acknowledges she did not

preserve this argument but contends that the ends of justice exception to Rule 5A:18 allows us to

reverse her conviction. Because we find that the exception does not apply under the facts and

circumstances of this case, we affirm.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

On December 11, 2019, appellant went to Taquan Saunders's house to retrieve her daughter from a scheduled visitation with Saunders—her daughter's father. Appellant, who had arrived early, banged on the door and rang the doorbell repeatedly. Saunders's sister answered the door and began arguing with appellant. Saunders attempted to intervene and "got in between them." Appellant then reached up and choked Saunders around his neck. Saunders tried to push her away, but they struggled and stumbled down the front porch. Appellant was "on top" of Saunders until family members pulled her away.

The Commonwealth charged appellant with strangulation, in violation of Code § 18.2-51.6. Appellant testified at trial and acknowledged that Saunders was her daughter's father but denied strangling him. At the conclusion of the evidence, the court determined there was "sufficient evidence for a finding of guilt for the strangulation" but instead found appellant guilty of misdemeanor assault and battery "under the circumstances." Just before the proceedings ended, the court asked the parties, "Assault and battery of a family member, or lesser included, or just assault and battery?" The prosecutor asked the court to convict appellant of assault and battery of a family member, which the court did. Appellant's attorney did not object.

ANALYSIS

Appellant correctly asserts, and the Commonwealth acknowledges, that the court erred by convicting her of assault and battery of a family member because it is not a lesser-included

---

[1] On appeal, we state the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we discard appellant's conflicting evidence and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *See Gerald v. Commonwealth*, 295 Va. 469, 473 (2018).

offense of the indicted strangulation charge. *See Harrell v. Commonwealth*, 11 Va. App. 1, 6 (1990) ("The state may not accuse a person of one crime and convict h[er] by proving another, unless the offense is a lesser included one of that charged."). An offense cannot be considered lesser-included "unless all its elements are included in the offense charged. Stated differently, an offense is not a lesser-included offense if it contains an element that the charged offense does not contain." *Commonwealth v. Dalton*, 259 Va. 249, 253 (2000). Here, the crime of assault and battery of a family member requires proof of an element that the crime of strangulation does not—that the victim be a family member as defined in Code § 16.1-228. *Compare* Code § 18.2-57.2(A), (D) (assault and battery of a family member statute), *with* Code § 18.2-51.6 (strangulation statute). Although simple assault and battery is a lesser-included offense of strangulation, *Harris v. Commonwealth*, No. 1413-21-4, slip op. at 4 (Va. Ct. App. Oct. 11, 2022) (per curiam), assault and battery of a family member is not.

Appellant concedes she failed to preserve this issue below and asks this Court to apply the ends of justice exception to Rule 5A:18 to reverse her conviction. She argues that her conviction would be reversible error had she preserved the issue and therefore constitutes a miscarriage of justice.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (en banc) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220 (1997)). It is not enough for an appellant "to merely assert a winning argument on the merits — for if that were enough[,] procedural default 'would never apply, except when it does not matter.'" *Winslow v.*

*Commonwealth*, 62 Va. App. 539, 546 (2013) (quoting *Alford v. Commonwealth*, 56 Va. App. 706, 710 (2010)).

When determining whether to apply the exception, this Court considers whether a "'grave injustice' or a wholly inexcusable 'denial of essential rights'" would result if the exception were not granted. *Id.* at 546-47 (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 513 (2009)). It is an appellant's "heavy" burden to demonstrate that a miscarriage of justice has occurred. *Holt*, 66 Va. App. at 210 (quoting *Brittle*, 54 Va. App. at 514). To establish a miscarriage of justice, "the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." *Id.* (quoting *Redman*, 25 Va. App. at 222). In either case, it is an appellant's burden "to point us to a particular place in the record that establishes h[er] innocence." *Brittle*, 54 Va. App. at 517.

This case turns on a unique circumstance. Because appellant acknowledges that the court could have convicted her of simple assault and battery as a lesser-included misdemeanor of strangulation, it follows that the only element appellant did not have notice of by virtue of the indictment was that the assault and battery was committed "against a family or household member" as defined in Code § 16.1-228.[2] *See* Code § 18.2-57.2(A), (D).

Appellant, however, cannot demonstrate that she has suffered a grave injustice because the record contains affirmative proof—from her own testimony—of this element. *See Holt*, 66 Va. App. at 210. On direct examination, appellant's attorney asked her, "[H]ow did you know Mr. Taquan Saunders prior to December 11?" Appellant responded, "He is [my daughter]'s father." Under Code § 16.1-228, "any individual who has a child in common" with the defendant is considered a "family or household member." *See also* Code § 18.2-57.2(D) ("The

---

[2] Appellant does not argue that this lack of notice constitutes a denial of an essential right warranting the exception to Rule 5A:18. *See Winslow*, 62 Va. App. at 546-47.

definition of 'family or household member' in [Code] § 16.1-228 applies to this section."). Thus, appellant cannot show that she was convicted of a non-offense or that the record affirmatively proves that "an element of the offense did not occur," because the record contains affirmative evidence establishing her guilt. *Holt*, 66 Va. App. at 210 (quoting *Redman*, 25 Va. App. at 222).

In reaching this decision, we find *McKinnon v. Commonwealth*, No. 0044-11-1 (Va. Ct. App. Nov. 29, 2011), persuasive.[3] In *McKinnon*, this Court declined to invoke the ends of justice exception to reverse a defendant's conviction for a charge that was not a lesser-included offense of the indictment. *Id.*, slip op. at 5-6. In doing so, we noted that even when "there is 'a conviction of an offense . . . [that] is not a lesser-included offense of the indicted charge,' the judgment appealed from is [still] subject to the usual procedural requirements for consideration on appeal – Rule 5A:18." *Id.* at 4 (first and second alterations in original) (quoting *Edwards v. Commonwealth*, 41 Va. App. 752, 765 (2003) (en banc)). We reasoned that the ends of justice exception to Rule 5A:18 did not apply because the defendant had failed to point to a place in the record that affirmatively established her innocence and her failure to object amounted to trial strategy. *Id.* at 5-6. Although appellant stresses that her conviction would have constituted "*per se* reversible error" had she preserved her objection, we apply "the usual procedural requirements for consideration [of an issue] on appeal" to this case, as we did in *McKinnon*. *Id.* at 4. Because appellant similarly fails to point to a place in the record that establishes her innocence and does not contest the sufficiency of the evidence to support her conviction, she does not qualify for the exception to Rule 5A:18.

---

[3] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value." *Otey v. Commonwealth*, 61 Va. App. 346, 350 n.3 (2012); *see also* Rule 5A:1(f).

CONCLUSION

For these reasons, appellant cannot establish that her conviction constitutes a miscarriage of justice, and we decline to apply the ends of justice exception to Rule 5A:18. Accordingly, we affirm the court's judgment.

*Affirmed.*