COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Kelsey and McClanahan
Argued by teleconference

BILLY LEON ALFORD

OPINION BY
v.        Record No. 2125-09-3                    JUDGE D. ARTHUR KELSEY
                                                  AUGUST 10, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROANOKE COUNTY
James R. Swanson, Judge

Melissa W. Friedman (Anthony F. Anderson; Anderson &
Friedman, on brief), for appellant.

Richard B. Smith, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


A grand jury indicted Billy Leon Alford for attempted rape.  At trial, the prosecutor and

Alford's counsel agreed on a set of jury instructions which included finding instructions for

attempted rape and assault and battery.[1]  The jury convicted Alford of assault and battery.

On appeal, Alford argues the trial court erred by instructing the jury on assault and

battery because it is not a lesser-included offense of attempted rape, the charged offense.  We

need not address this assertion, however, because Alford invited error by agreeing to the jury

instructions he now challenges.  See McBride v. Commonwealth, 44 Va. App. 526, 529-30, 605

S.E.2d 773, 774-75 (2004) (barring consideration of alleged jury instruction error where the

defendant tendered the instructions challenged on appeal).  Under settled principles, a criminal

---

[1] The agreement of counsel to the instructions apparently took place off the record.  On
the record, however, the trial court confirmed the agreement.  See App. at 165.  In his brief on
appeal, Alford concedes "[d]efense counsel and the Attorney for the Commonwealth agreed to
the Instructions read by the Court and neither party offered any additional instructions."
Appellant's Br. at 1-2.

defendant cannot "approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory. Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong." Rowe v. Commonwealth, 277 Va. 495, 502, 675 S.E.2d 161, 164 (2009) (quoting Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006)).[2] Alford's "approbation and reprobation is necessarily fatal to his lesser-included-offense argument." Id.

Alford argues we should invoke the ends-of-justice exception to Rule 5A:18. For several reasons, we decline to do so. The approbate-reprobate doctrine is broader and more demanding than Rule 5A:18. The very fact that Alford "invited the error" (by agreeing the assault and battery jury instruction should be given) renders Rule 5A:18's ends-of-justice exception inapplicable. Rowe, 277 Va. at 503, 675 S.E.2d at 165.[3] It can hardly be a "grave injustice" to a defendant's essential rights, Brittle v. Commonwealth, 54 Va. App. 505, 513, 680 S.E.2d 335, 339 (2009), for a trial court to give an agreed-upon jury instruction on assault and battery (a misdemeanor with a maximum sentence of twelve months) in a case where the defendant is charged with attempted rape (a felony with a sentencing range of two to ten years).

Even in cases governed by Rule 5A:18 — those involving mere waiver rather than invited error — we consider the ends-of-justice doctrine to be a "narrow" exception that should be "used sparingly." Id. at 512, 680 S.E.2d at 339 (citation omitted). It is never enough for the

---

[2] See also Porter v. Commonwealth, 276 Va. 203, 231, 661 S.E.2d 415, 428 (2008); Muhammed v. Commonwealth, 269 Va. 451, 525, 619 S.E.2d 16, 58 (2005); Powell v. Commonwealth, 267 Va. 107, 144, 590 S.E.2d 537, 560 (2004); Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988).

[3] Though it is unnecessary to catalogue them all, we acknowledge exceptions exist even to the procedural bar imposed by the invited error doctrine — like, for example, when the error caused the trial court to go beyond its subject matter jurisdiction, Bazemore v. Commonwealth, 42 Va. App. 203, 219-20, 590 S.E.2d 602, 610 (2004) (citing Nelson v. Warden, 262 Va. 276, 281, 552 S.E.2d 73, 75 (2001)), or to impose a void sentence in excess of the applicable statutory maximum, Batts v. Commonwealth, 30 Va. App. 1, 11, 515 S.E.2d 307, 312 (1999). None of these exceptions, however, apply to this case.

defendant to merely assert a winning argument on the merits — for if that were enough procedural default "would never apply, except when it does not matter." <u>Delaney v. Commonwealth</u>, 55 Va. App. 64, 69, 683 S.E.2d 834, 836 (2009). "Indeed, if that were the case, every issue would be subject to appellate review regardless of whether the issue was properly preserved." <u>Brittle</u>, 54 Va. App. at 513, 680 S.E.2d at 339.

With respect to jury instructions, we employ the ends-of-justice exception when the trial court convicts the defendant "for conduct that was not a criminal offense" — that is, when the absence of a proper jury instruction *and* proof of an essential element makes it a legal impossibility for defendant to have committed a crime. <u>Id.</u> at 514, 680 S.E.2d at 340 (citation omitted). The combination of a flawed or missing jury instruction and the failure of the evidence to prove an essential element triggers the ends-of-justice exception to Rule 5A:18. <u>Id.</u> at 515, 680 S.E.2d at 340 (explaining <u>Jimenez v. Commonwealth</u>, 241 Va. 244, 402 S.E.2d 678 (1991)). We also apply the ends-of-justice exception where the defendant "affirmatively prove[s] that an element of the offense did not occur." <u>Id.</u> at 514, 680 S.E.2d at 340 (citation omitted). None of these exceptional circumstances exist here.

In sum, Alford cannot challenge on appeal his assault and battery conviction because he agreed the trial court should instruct the jury on this charge. We thus affirm his conviction.

<u>Affirmed.</u>