COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Huff and Senior Judge Clements
Argued at Chesapeake, Virginia


KAREN MICHELLE DUNN-BRINKLEY, A/K/A
 KAREN DUNN-BRINKLY

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1531-11-1                       JUDGE GLEN A. HUFF
                                                        APRIL 24, 2012

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                         Randolph T. West, Judge Designate

          Jessica E. Brown, Assistant Public Defender (Office of the Public
          Defender, on brief), for appellant.

          Craig W. Stallard, Assistant Attorney General (Kenneth T.
          Cuccinelli, II, Attorney General; Josephine F. Whalen, Assistant
          Attorney General II, on brief), for appellee.


        Karen Michelle Dunn-Brinkley ("appellant") appeals her conviction, pursuant to a

written plea agreement, in the Circuit Court of the City of Newport News ("trial court") of one

count of distribution of cocaine as an accommodation, in violation of Code § 18.2-248(D).  On

appeal, appellant contends the trial court erred when it imposed successful completion of the

Newport News Drug Treatment Court Program ("drug treatment court program") as a condition

of appellant's suspended sentence because the drug treatment court program is by statute a

voluntary program.  For the following reasons, this Court affirms the judgment of the trial court.

                              I.  BACKGROUND

        On appeal, "'we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'"

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (en banc) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed, the evidence is as follows.

On December 13, 2010, a grand jury indicted appellant on one count of distribution of cocaine, in violation of Code § 18.2-248. On May 4, 2011, appellant submitted a memorandum of plea agreement, which the Commonwealth signed, to the trial court that provided, among other things, that appellant would plead guilty to one count of distribution of cocaine as an accommodation, in violation of Code § 18.2-248(D); the Commonwealth would not object to appellant's request to participate in the drug treatment court program if she were eligible and the sentencing judge allowed her to do so; and if the trial court did not allow appellant to participate in the drug treatment court program, each party could still recommend or request a particular sentence each deemed appropriate.

At the sentencing hearing on July 12, 2011, appellant's counsel proffered to the trial court that she had been accepted into the drug treatment court program, noted that the Commonwealth did not object to her participation in the drug treatment court program if the trial court elected to allow it, and asked the trial court to allow her to participate in the drug treatment court program "with jail time over her head." Appellant also testified at the sentencing hearing that she was addicted to drugs, affirmed her interest in the drug treatment court program, and stated that she believed she would be a successful candidate for the drug treatment court program.

After noting the multiple opportunities appellant had with suspended sentences and its concern about the effectiveness of the drug treatment court program's minimal supervision over appellant, the trial court sentenced appellant to five years in prison with four years suspended

conditioned, in part, on appellant's successful completion of the drug treatment court program.[1] Appellant did not object to or challenge the trial court's imposition of the successful completion of the drug treatment court program as a condition of appellant's suspended sentence. This appeal followed.

## II. ANALYSIS

On appeal, appellant contends the trial court erred in imposing an impermissible sentence when it imposed successful completion of the drug treatment court program as a condition of appellant's suspended sentence because drug treatment court is, by statute, a voluntary program.[2] Appellant concedes that the issue was not preserved, but asks this Court to invoke the ends of justice exception to Rule 5A:18.

Rule 5A:18 provides, in relevant part, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except . . . to enable the Court of Appeals to attain the ends of justice." The Supreme Court, however, has clearly established that "a criminal defendant cannot 'approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory. Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong.'" Alford v. Commonwealth, 56 Va. App. 706, 709, 696 S.E.2d 266, 267 (2010) (quoting Rowe v. Commonwealth, 277 Va. 495, 502, 675 S.E.2d 161, 164 (2009)). "The very fact that [appellant] 'invited the error' . . . renders Rule

---

[1] On August 16, 2011, the trial court amended the final order nunc pro tunc July 12, 2011 due to a clerical error to provide that the supervised probation be indefinite supervised probation rather than the prior two-year supervised probation provision.

[2] Appellant "does not contest the permissibility of the sentence and concedes that five . . . years is not an unlawful sentence." Appellant's. Br. at 5.

- 3 -

5A:18's ends-of-justice exception inapplicable." Id. at 709, 696 S.E.2d at 267-78 (citing Rowe, 277 Va. at 503, 675 S.E.2d at 165).[3]

In this case, appellant invited the alleged error from which she now seeks relief. At sentencing, appellant requested that she be permitted to participate in the drug treatment court program "with jail time over her head." Appellant's request for leniency in sentencing was premised on her request that the trial court allow her to participate in the drug treatment court program. In the memorandum of plea agreement, appellant specifically noted that the Commonwealth would not object to her participation in the program if she were accepted and if the trial court allowed her to do so. In addition, appellant proffered evidence at the sentencing hearing that she had, in fact, been accepted into the Newport News drug treatment court program, and further that she thought she would be successful in the program.

Appellant now suggests that the trial court's addition of successful completion of the drug treatment court program as a condition of the suspended sentence changed her participation from voluntary to mandatory. Appellant's attempt to re-characterize the trial court's acquiescence to her request does not negate its nature as invited error, and thus "renders Rule 5A:18's ends-of-justice exception inapplicable." Id. Indeed, nothing in appellant's request indicated to the trial court that she was not seeking to have her successful completion of the drug treatment court program a condition of a suspended sentence. Because appellant invited the trial court's sentence, she cannot challenge it on appeal. Therefore, we affirm the judgment of the trial court.

Affirmed.

---

[3] While there are "exceptions . . . to the procedural bar imposed by the invited error doctrine," none of them apply to this case. Alford, 56 Va. App. at 709 n.3, 696 S.E.2d at 268 n.3 (noting the exceptions to the invited error doctrine include "when the error caused the trial court to go beyond its subject matter jurisdiction or to impose a void sentence in excess of the applicable statutory maximum" (citations omitted)).