COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Athey, Ortiz and Lorish


JEFF HOBBS, SOMETIMES KNOWN AS
  JEFFREY LEE HOBBS
                                                          MEMORANDUM OPINION*
v.        Record No. 1216-21-1                                PER CURIAM
                                                           NOVEMBER 22, 2022
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF ISLE OF WIGHT COUNTY
                        James C. Hawks, Judge Designate

          (W. Christopher Dunn; Randall. Page & Bruch, P.C., on brief), for
          appellant. Appellant submitting on brief.

          (Jason S. Miyares, Attorney General; Matthew P. Dullaghan, Senior
          Assistant Attorney General, on brief), for appellee. Appellee
          submitting on brief.


          In a bench trial upon a charge of sexual battery, the trial court convicted Jeffrey Lee Hobbs

for battery in violation of Code § 18.2-57 and sentenced him to twelve months in jail with eleven

months suspended. Hobbs argues that the trial court erred in convicting him of battery because it

was not a lesser-included offense of sexual battery. Hobbs concedes that he did not preserve this

issue for appellate review, but asks this Court to invoke the good cause or ends of justice exception

to Rule 5A:18 and consider the issue. Both parties waive oral argument on this appeal. We affirm

the decision of the trial court.

                                        BACKGROUND

          At trial, the Commonwealth introduced testimony about three instances when Hobbs

touched an employee of his wife's in an offensive manner. At the end of the evidence, the trial

_____
          * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

court agreed with defense counsel's argument that the evidence failed to prove that the touching occurred by "force, threat, intimidation, or ruse," as required for a conviction for sexual battery under Code § 18.2-67.4(A)(i). The court then asked counsel whether it could convict appellant for battery, asked counsel to brief the issue, and continued the proceedings to a later date. When the proceedings resumed, defense counsel, citing *Gnadt v. Commonwealth*, 27 Va. App. 148 (1998), specifically asserted that assault and battery was a lesser-included offense of sexual battery, and the prosecutor agreed. The trial court then convicted Hobbs for battery and sentenced him.

## DISCUSSION

Before this Court, Hobbs now argues that the trial court lacked authority to convict him for battery because it was not a lesser-included offense of sexual battery. "The [Virginia] Supreme Court has held that '[a] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory.'" *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)). "The 'doctrine against approbation and reprobation' applies both to assertions of fact and law, and precludes litigants from 'playing fast and loose' with the courts, or 'blowing hot and cold' depending on their perceived self-interests." *Id.* at 403 (citations omitted) (quoting *Babcock & Wilcox v. Areva*, 292 Va. 165, 204 (2016)).

In the trial court, Hobbs asserted that, under prevailing case authority, he could be convicted for battery because it was a lesser-included offense of sexual battery. Now, on appeal, Hobbs takes an inconsistent position—that the trial court erred in convicting him for battery because it is not a lesser-included offense. Thus, Hobbs has "approbated and reprobated," and his "position in the trial court below prevents us from considering an opposite position on appeal." *Id.* at 404-05.

Hobbs asks us to apply the "ends of justice" exception to Rule 5A:18 and take up this error anyway. But "there is no 'ends of justice' exception to the approbate and reprobate doctrine." *Id.* at 405. Instead, we have observed that "[t]he approbate-reprobate doctrine is broader and more demanding than Rule 5A:18." *Id.* (quoting *Alford v. Commonwealth*, 56 Va. App. 706, 709 (2010)). "The very fact that" Hobbs agreed that the trial court could convict him of battery "renders Rule 5A:18's ends of justice exception inapplicable." *Id.* (quoting *Alford*, 56 Va. App. at 709). "It can hardly be a 'grave injustice' to a defendant's essential rights for a trial court to [make] an agreed-upon [ruling]." *Id.* (alterations in original) (citation omitted) (quoting *Alford*, 56 Va. App. at 709).

## CONCLUSION

For these reasons, we do not consider the issue Hobbs raises on appeal and we affirm the judgment.

*Affirmed*.