COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, O'Brien and Athey

TAJIA TREYSHAWN JACKSON

MEMORANDUM OPINION\*

v.      Record No. 1449-22-4      PER CURIAM
                                  MARCH 28, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
James E. Plowman, Judge

(Anna Cox, Assistant Public Defender, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Lindsay M. Brooker, Assistant
Attorney General, on brief), for appellee.


Tajia Treyshawn Jackson appeals from the decision of the Circuit Court of Fauquier County

revoking a portion of his previously suspended sentence. Jackson contends that the court abused its

discretion by revoking a total of twenty months of his previously suspended sentence because it

gave improper weight to his criminal record and failed to give appropriate weight to the sentencing

guidelines, resulting in an active sentence that was "three times the high end" of the sentencing

guidelines. After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a). We affirm the decision of the trial court.

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed

unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App.

---

\* This opinion is not designated for publication. *See* Code § 17.1-413.

529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).  "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below."  *Id.*

In April 2019, Jackson was convicted of possession of a firearm within ten years of being convicted of a nonviolent felony.  In July 2019, the court sentenced Jackson to five years' imprisonment with three years suspended, conditioned upon the successful completion of two years' supervised probation.  In addition, as "[s]pecial conditions" of the suspended sentence, the court ordered Jackson to abstain from drugs and alcohol, not associate with "anyone who is in any way consuming or possessing illegal substances," and complete substance abuse treatment as directed by his probation officer.

Jackson began supervised probation on August 23, 2021.  On November 17, Jackson's probation officer reported that Jackson had violated the special condition of his previously suspended sentence by testing positive for cocaine.  The court issued a capias, which was served on Jackson on December 10.  In a February 28, 2022 addendum, Jackson's probation officer reported that Jackson had incurred new charges and had been convicted of misdemeanor destruction of property.

At the revocation hearing, Jackson proffered that he had "pending cases" and requested a continuance; the Commonwealth objected, noting that his pending charges were set for a jury trial. Jackson subsequently withdrew his motion for a continuance, conceded that he had violated the terms and conditions of his previously suspended sentence, and the court found him in violation. The Commonwealth deferred argument on sentencing to the court, but noted that the court may want to release Jackson from active probation because he was now a "Lynchburg resident." Jackson asked the court to impose a sentence within the discretionary sentencing guidelines[1] and

---

[1] The discretionary sentencing guidelines recommended between "[t]ime [s]erved" and six months in jail.

expressed his desire to "take care of his charges everywhere." Additionally, Jackson asked for a lenient sentence. He noted that he was young and had made "plenty of mistakes." He stated that he was trying to "rehabilitate [him]self and move on," and he had no intentions of making the same "mistakes" again because he wanted to "be there" for his children.

The court found that Jackson had several violations, including "special conditions," new arrests, at least one new conviction, and "others . . . pending." The court noted that "the prior presentence report . . . with [Jackson's] criminal history" demonstrated his prior "contempts of court" and "probation violations." In addition, the court determined that Jackson's arrests resulted from "similar behavior to [his] underlying offense," and he was not a "good candidate for probation." Accordingly, the court revoked Jackson's previously suspended sentence with "all but" twenty months resuspended and removed him from supervised probation. Jackson did not object to the court's references to his criminal history or file a motion to reconsider.

## ANALYSIS

Jackson argues that the court abused its discretion by giving improper weight to his criminal record because (1) his criminal record was not in evidence at his revocation hearing, (2) his record was already accounted for in the sentencing guidelines, and (3) the "pending charges" had not been adjudicated, and he was entitled to a "presumption of innocence." Jackson also argues that the court abused its discretion by failing to give proper weight to the sentencing guidelines, resulting in an active sentence that was "three times the high end" of the sentencing guidelines.

### I. Criminal Record

The record demonstrates that Jackson failed to preserve his arguments challenging the court's reliance on his criminal record. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice."

Rule 5A:18. "Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" *Brown v. Commonwealth*, 279 Va. 210, 217 (2010) (quoting *West v. Commonwealth*, 43 Va. App. 327, 337 (2004)). "Specificity and timeliness undergird the contemporaneous-objection rule [and] animate its highly practical purpose." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

Here, Jackson did not object to the court's reliance on his criminal record nor file a motion to reconsider. Instead, he merely asked for leniency and a sentence within the discretionary sentencing guidelines. That vague, cursory argument did not afford the court an opportunity to consider the specific argument he now raises on appeal. Thus, his argument is waived. Nevertheless, Jackson asks this Court to consider his argument under the "ends of justice" exception to Rule 5A:18.

"'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (en banc) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220 (1997)). Whether to apply the exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Williams v. Commonwealth*, 294 Va. 25, 27-28 (2017) (quoting *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (internal quotation marks and citation omitted)). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Holt*, 66 Va. App. at 210 (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514

- 4 -

(2009)).  "It is never enough for the defendant to merely assert a winning argument on the merits—for if that were enough[,] procedural default 'would never apply, except when it does not matter.'"  *Winslow v. Commonwealth*, 62 Va. App. 539, 546 (2013) (quoting *Alford v. Commonwealth*, 56 Va. App. 706, 710 (2010)).

Here, the record demonstrates that Jackson violated his probation by incurring a new criminal conviction.  Thus, the court had the discretion to impose any or all of his previously suspended sentence.  Code § 19.2-306.1(B).  In addition, the record demonstrates that Jackson, not the Commonwealth, proffered that he had pending criminal charges in another jurisdiction at the outset of the revocation hearing.  Finally, Jackson cites no legal authority in his opening brief to support his assertions that the court gave improper weight to his criminal record, as required by Rule 5A:20.  Thus, given the court's discretion to impose the balance of his previously suspended sentence, Jackson's admission that he had other pending charges, and his bare, unsupported assertions in his opening brief, applying Rule 5A:18 in this case will not result in a manifest injustice.[2]  Accordingly, Jackson's arguments are waived.  Rule 5A:18.

## II.  Sentencing

After suspending a sentence, a court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court."  Code § 19.2-306(A).  "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1."  Code § 19.2-306(C).  "The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be

---

[2] Moreover, Jackson acknowledged to the court that he had violated the conditions of his suspended sentence.

imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." *Id.* Jackson does not contend that the court did not have sufficient cause to revoke his suspended sentence. Indeed, he admitted that he was in violation. Rather, Jackson argues that the court abused its discretion when it imposed an active sentence of twenty months' incarceration because it failed to give proper weight to the sentencing guidelines and, instead, imposed a sentence "three times the high end of the sentencing guidelines."

The court did not err in sentencing Jackson above the high end of the discretionary sentencing guidelines. The guidelines merely are a tool for the judge's use in determining an appropriate sentence. *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). A judge's failure to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F).[3] Accordingly, we consider only whether the sentence imposed represents an abuse of the court's broad sentencing discretion upon revocation of the suspended sentence. *Clarke v. Commonwealth*, 60 Va. App. 190, 199 (2012).

Because Jackson violated the conditions of his suspended sentence by acquiring a new criminal conviction, the court had the discretion to "revoke the suspension and impose or resuspend *any or all* of that period previously suspended." Code § 19.2-306.1(B) (emphasis added). In making that determination, it was within the court's purview to weigh the various mitigating and aggravating circumstances. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The record in this case demonstrates that, in addition to Jackson's new criminal conviction, he acquired "multiple new arrests within weeks of his release" from incarceration. The court determined that Jackson's arrests resulted from "similar behavior to [his] underlying offense."

---

[3] Although not controlling here, we note that, effective July 1, 2022, Code § 19.2-306.2(D) likewise expressly provides that failure to follow the provisions for revocation guidelines "shall not be reviewable on appeal."

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). The record demonstrates that Jackson was non-compliant and continued to engage in criminal conduct. Thus, Jackson demonstrated that he was not amendable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Jackson failed to make productive use of the grace that had been extended to him and continued to disregard the terms and conditions of his probation.

"For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449. After reviewing the record in this case, we conclude that the sentence that the court imposed represents a proper exercise of judicial discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 322 (2002) (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*