COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, O'Brien and Chaney
Argued at Lexington, Virginia


PAUL DOUGLAS VIA

MEMORANDUM OPINION[*] BY
v.        Record No. 0539-22-3          JUDGE ROBERT J. HUMPHREYS
MARCH 28, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
Anne F. Reed, Judge

Jennifer T. Stanton, Senior Appellate Counsel (Indigent Defense
Commission, on briefs), for appellant.

William K. Hamilton, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


The circuit court convicted Paul Douglas Via of felony threat to bomb or burn, felony

violation of a protective order, and nine counts of misdemeanor violation of a protective order.  Via

challenges the sufficiency of the evidence supporting his two felony convictions and one of his

misdemeanor protective order violation convictions.[1]  He also challenges the circuit court's

admission of an officer's body-worn camera footage.

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court."  *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413.

[1] Via was convicted of multiple protective order violations, with offense dates of July
30-31, 2021, August 1-6, 2021, and August 8-9, 2021.  Via challenges only the misdemeanor
protective order violation conviction with the July 30, 2021 offense date, and the felony
protective order violation conviction with the August 9, 2021 offense date.

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).  Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On July 25, 2021, Via had an altercation with his girlfriend, Teresa Taylor, after Taylor allowed a male friend, Ricky Fender, to move into her home.  Although Taylor denied any romantic involvement with Fender, Via believed their relationship was sexual.  During the argument, Via "exploded," pushing Taylor onto a sofa and grabbing her by the hair.  He told her he was going to "kill her" and "burn [her] house down."  Fender, who witnessed the altercation, feared for Taylor's safety and urged her to leave the house.  Taylor agreed; she left the house telling Via her car needed repairs.  As soon as she left, however, Taylor called 911 and asked the police to remove Via from her house.  At some point on July 25, 2021, Via called Taylor and threatened again to burn down her house and kill her.[2]

Via's threats prompted Taylor to obtain a preliminary protective order on July 30, 2021.  Via was served with the protective order at 4:47 p.m. on July 30, 2021.  Although the protective order prohibited Via from having any contact with Taylor, he continued to call and message her.  Within two hours of being served with the protective order, Via texted Taylor twice.  Between July 30, 2021, and August 9, 2021, Via sent Taylor more than fifty messages.  He also drove past her house constantly, spinning the wheels on his truck and screaming at her.  On August 9, 2021, Taylor was taking a shower when she heard Via's "very loud" truck outside.  She heard him "scream" and "try[] to come around to the back . . . of the house."  That same day, Via texted Taylor, threatening to "fuck [Fender] up."  Taylor testified that Via also called her on August 9, 2021, threatening again to burn down her house.

---

[2] The record is unclear whether the phone call preceded or followed the altercation.

- 2 -

When Officer J. Kyle spoke with Via on August 9, 2021, Via smelled of alcohol and was "screaming obscenities." Via threatened to beat Fender and to burn down Taylor's house. Kyle met Taylor at the police station on August 9, 2021, and reviewed Via's call history and messages on her cell phone. Kyle saw a phone call on Taylor's history on the morning of July 25, 2021. The entries on Taylor's phone were captured on the officer's body-worn camera as he examined the phone.[3] Based on Taylor's report, as well as Fender's statement that Via had threatened to burn down the house "several times," Kyle arrested Via for threat to burn.

At trial, Fender confirmed that he had heard Via threaten to kill Taylor and burn down her house, but he could not recall the precise dates of the threats. He convinced Taylor to take her dogs and leave the house in July when Via "had her on the couch" because he was concerned Via would hurt her.

At the conclusion of the evidence, Via conceded that he had violated the protective order. But he contested the threat to burn charge, stressing that, although he was charged with making that threat on July 25, 2021, no one testified "that he did that on that date." Although Via admitted that "later into August he might have said something to an officer," he emphasized that "nobody heard or saw actual physical evidence that he had any intention other than talking trash." He asserted that the evidence failed "to show that he actually made that threat on the day with which he is charged."

The circuit court convicted Via of threatening to burn down Taylor's home on July 25, 2021. It found that Via's threats on other dates to burn her home, as well as his "disposition" and communications with Taylor during that time frame, corroborated Taylor's testimony that he

---

[3] When the footage was played initially for the circuit court, Taylor's statements were muted to exclude any hearsay evidence. Later, when the footage was offered into evidence, Via asked that the entire video be admitted. In his opening brief, Via cites Taylor's statements to Kyle in that footage.

threatened to burn down her home on July 25, 2021. The circuit court also convicted Via of felony violation of the protective order on August 9, 2021. The circuit court found that the August 9, 2021 violation constituted Via's third offense and involved a threat of violence.[4] Finally, the circuit court convicted Via of multiple misdemeanor violations of the protective order based on his "repeated contacts" and communications with Taylor. Via appeals.

## ANALYSIS

### I. Threat to Burn

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Via asserts that the evidence failed to prove that, on July 25, 2021, the date specified in the indictment, he "ma[d]e" or "communicated" a threat to burn to Taylor. He asserts that Taylor's testimony recounting such threats on July 25, 2021, was uncorroborated and unworthy of belief. Via emphasizes that Officer Kyle denied observing "any calls, texts or Facebook

---

[4] Via does not dispute that he had two prior convictions for violating a protective order.

messages from [him] stating he would burn [Taylor's] house." He notes that Fender did not recall Via making "threats of any kind" other than on July 20, 2021. Even assuming that he had threatened to burn down Taylor's house, however, Via contends that Taylor did not take the threats seriously, considering them "idle talk." He notes that Taylor admitted to Kyle in Kyle's body camera footage that she did not read Via's messages to her; moreover, he emphasizes that, if the threats had put Taylor in fear, she would not have waited fifteen days to report them. We disagree.

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." *Elliott v. Commonwealth*, 277 Va. 457, 462 (2009). This Court gives "deference to the fact finder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony." *Id.* Thus, this Court must accept "the trial court's determination of the credibility of witness testimony unless, 'as a matter of law, the testimony is inherently incredible.'" *Nobrega v. Commonwealth*, 271 Va. 508, 518 (2006) (quoting *Walker v. Commonwealth*, 258 Va. 54, 71 (1999)). "Evidence is not 'incredible' unless it is 'so manifestly false that reasonable men ought not to believe it' or 'shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Gerald v. Commonwealth*, 295 Va. 469, 487 (2018) (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)).

Taylor testified that Via threatened to burn her home on July 25, 2021, and her testimony was corroborated by uncontested evidence that Via made similar threats at other times, including directly to Officer Kyle. Moreover, as the circuit court found, the threatening tenor of Via's messages to Taylor corroborated Taylor's testimony that Via threatened to burn down her house on July 25, 2021. The circuit court was entitled to rely on Taylor's testimony in reaching its verdict. "When the law says that it is for triers of the facts to judge the credibility of a witness,

the issue is not a matter of degree." *Towler v. Commonwealth*, 59 Va. App. 284, 291 (2011) (quoting *Swanson v. Commonwealth*, 8 Va. App. 376, 379 (1989)). "So long as a witness deposes as to facts[,] which, if true, are sufficient to maintain their verdict," and "the trier of the facts sees fit to base the verdict upon that testimony[,] there can be no relief in the appellate court." *Id.* (first alteration in original) (quoting *Swanson*, 8 Va. App. at 379). Accordingly, based on Taylor's testimony, the record reasonably supports the circuit court's finding that Via threatened on July 25, 2021, to burn down Taylor's home on July 25, 2021.[5]

The evidence also proved that Via communicated a "threat" to burn Taylor's home. A "person (i) who makes and communicates to another by any means any threat to bomb, burn, destroy or in any manner damage any . . . building or other structure . . . is guilty of a Class 5 felony." Code § 18.2-83. "A threat, in the criminal context, is recognized to be a communication avowing an intent to injure another's person or property. The communication, taken in its particular context, must reasonably cause the receiver to believe that the speaker will act according to his expression of intent." *Summerlin v. Commonwealth*, 37 Va. App. 288, 297

---

[5] The undisputed evidence proved that Via threatened to burn down Taylor's home on dates in addition to July 25, 2021, including when he spoke with Officer Kyle on August 9, 2021. Code § 19.2-220 "requires that an indictment name the accused, describe the offense charged, identify the location of the alleged commission, and designate a date for the offense," *Simpson v. Commonwealth*, 221 Va. 109, 114 (1980), but Code § 19.2-226 provides that "[n]o indictment or other accusation shall be quashed or deemed invalid . . . [f]or omitting to state, or stating imperfectly, the time at which the offense was committed when time is not the essence of the offense . . . ."

"[T]ime is not a material element of a criminal offense unless made so by the statute creating the offense." *Farhoumand v. Commonwealth*, 288 Va. 338, 351 (2014) (quoting *United States v. Stuckey*, 220 F.3d 976, 982 (8th Cir. 2000)). Nothing in Code § 18.2-83 provides that time is an element of the offense in this case. Absent such an element of proof, "[i]n a felony case the Commonwealth may prove the commission of a crime charged on a date different from that alleged in the indictment." *Id.* (alteration in original) (quoting *Harris v. Commonwealth*, 185 Va. 26, 34 (1946)). We will uphold the "verdict . . . if the evidence is sufficient to prove beyond a reasonable doubt that a crime occurred and that the defendant committed the crime, even though the evidence is such that there may be a reasonable doubt as to the day on which the offense occurred." *Marlowe v. Commonwealth*, 2 Va. App. 619, 623-24 (1986). "Such a result does not constitute a denial of due process of law." *Id.* at 624.

(2002) (quoting *Perkins v. Commonwealth*, 12 Va. App. 7, 16 (1991)); s*ee also Howard v. Commonwealth*, 74 Va. App. 739, 758 (2022) (holding that a defendant's threat to burn must "reasonably cause[] the receiver to believe that the speaker will act according to his threat"). In the context of Code § 18.2-83, we have noted "that a threat is 'an avowed present determination or intent to injure presently or in the future.'" *Summerlin*, 37 Va. App. at 297 (quoting *Parnell v. Commonwealth*, 15 Va. App. 342, 345 (1992)).

The evidence proved that Via threatened to burn down Taylor's home on July 25, 2021, and that his threats generated a reasonable fear in Taylor that he intended to burn her home. In determining whether Via's statements placed Taylor in "reasonable apprehension of death or bodily injury," the circuit court could consider the surrounding circumstances and Taylor's reaction to the threats. *Holcomb v. Commonwealth*, 58 Va. App. 339, 350-51 (2011). When Via threatened to burn Taylor's home on July 25, 2021, he was so violent that Taylor left the house and called 911. Moreover, Via threatened twice on that day to burn down Taylor's home and kill her. Although Taylor did not expressly testify that Via's threats placed her in fear, she called 911 and sought two protective orders within the week. Considering the surrounding circumstances and Taylor's reaction to Via's threats, the record demonstrated that Via communicated his threats to Taylor and that she reasonably feared he would act on them. *Howard*, 74 Va. App. at 758. Accordingly, the evidence was competent, credible, and sufficient to prove beyond a reasonable doubt that Via threatened to burn Taylor's home in violation of Code § 18.2-83.

## II. Admission of Body-Worn Camera Footage

This Court reviews a circuit court's decision regarding the admissibility of evidence for abuse of discretion. *Lucas v. Riverhill Poultry, Inc.*, 300 Va. 78, 92 (2021). Although the circuit court has discretion, it is not "free to simply act in any way it may deem desirable under the

circumstances." *Id.* Rather, "the circuit court 'has a range of choice, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Id.* at 93 (quoting *Landrum v. Chippenham and Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)).

Via asserts that the circuit court erred by admitting Officer Kyle's body-worn camera footage because it was not relevant to the charges. Specifically, he asserts that the footage did not depict him having contact with Taylor on the pertinent dates. Although Via concedes he failed to raise this argument below, he asks that we consider it under the ends of justice exception in Rule 5A:18.[6] Via contends that he suffered a "miscarriage of justice" because the footage was not relevant and because, without the footage, "Taylor's vague and unsubstantiated testimony" lacked corroboration and credibility.

"The 'ends of justice' exception to Rule 5A:18 is 'narrow and is to be used sparingly.'" *Pearce v. Commonwealth*, 53 Va. App. 113, 123 (2008) (quoting *Bazemore v. Commonwealth*, 42 Va. App. 203, 219 (2004) (*en banc*)). Whether to apply the ends of justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). "[T]o show that a miscarriage of justice *has* occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." *Quyen Vinh Phan Le v. Commonwealth*, 65 Va. App. 66, 74 (2015) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 221-22 (1997)).

___

[6] "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18.

When the Commonwealth offered Officer Kyle's body-worn camera footage into evidence, Via responded, "I have no objections to the videos so long as it is put in . . . in its complete entirety." Not only did Via agree to the admission of the video at trial, on appeal he cites Taylor's statement in the video denying that she read Via's messages.

"A party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." *Cangiano v. LSH Bldg. Co., L.L.C.*, 271 Va. 171, 181 (2006). "The approbate-reprobate doctrine is broader and more demanding than Rule 5A:18." *Alford v. Commonwealth*, 56 Va. App. 706, 709 (2010). Thus, a defendant does not suffer a "grave injustice" when he concurs with or invites the circuit court's ruling. *See id.* Here, Via agreed to the admission of the body-worn camera footage at trial. Accordingly, we decline to consider his argument on appeal that the circuit court erred by admitting it.

### III. Violation of Protective Order

Finally, Via contends that the evidence was insufficient to prove that he committed the July 30, 2021 or August 9, 2021 protective order violations. As noted previously, however, Via conceded during closing argument that he had violated the protective order, and he placed no qualifications on that concession. Despite that concession, he invokes the ends of justice exception in Rule 5A:18 and asks that we consider his challenges on appeal to the sufficiency of the evidence. For the same reasons articulated above, we decline to do so.

Having agreed below that the Commonwealth had met its burden of proof, Via may not now take the opposite view on appeal. We will not apply the ends of justice exception when a party approbates and reprobates, as Via does here. *Alford*, 56 Va. App. at 709. Accordingly, we decline to address Via's sufficiency arguments regarding his protective order violation convictions.

CONCLUSION

For the reasons stated, the circuit court's judgment is affirmed.

*Affirmed.*