COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, White and Retired Judge Frank[*]

KARI GAMALIEL BARNES

MEMORANDUM OPINION[**]

v.     Record No. 1631-22-1                         PER CURIAM
                                                    JUNE 13, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

(Jennifer T. Stanton, Senior Appellate Attorney; Indigent Defense
Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Suzanne Seidel Richmond,
Assistant Attorney General, on brief), for appellee.

Kari Gamaliel Barnes appeals the sentence that the Circuit Court of the City of

Chesapeake imposed after Barnes pleaded guilty to possessing a firearm having been previously

convicted of a non-violent felony, in violation of Code § 18.2-308.2. He argues that the circuit

court failed to correctly apply the plea agreement. After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is

wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Because Barnes failed to

preserve his sole assignment of error, we affirm the circuit court.

---

[*] Retired Judge Frank took part in the consideration of this case by designation pursuant to Code § 17.1-400(D).

[**] This opinion is not designated for publication. See Code § 17.1-413.

BACKGROUND[1]

Barnes agreed to plead guilty to possessing a firearm having been previously convicted of a non-violent felony. The written plea agreement provided that it was "the total agreement between the parties" and that "[a]ny active sentence imposed by the [circuit c]ourt shall not exceed the low end of the guidelines as recommended by the sentencing commission." In addition to the plea agreement, the parties filed a draft of the sentencing guidelines worksheet that calculated the low end of Barnes' sentencing range as seven months of incarceration.

Barnes stated at the plea hearing that he had discussed the sentencing guidelines with his attorney. When the circuit court stated that the parties provided guidelines reflecting a sentencing range of seven months to one year and eight months' incarceration, Barnes responded that he believed the guidelines range should be zero to seven months. Barnes' counsel interjected that Barnes was thinking of what the guidelines range would be if the court modified the guidelines based on acceptance of responsibility. Barnes confirmed his counsel's statement and agreed that, without an acceptance of responsibility finding, the low end of the guidelines range would be seven months. The circuit court acknowledged that the plea agreement prohibited it from imposing a sentence above the low end of the guidelines, which Barnes indicated he understood. The circuit court accepted Barnes' guilty plea.

The probation officer completed a presentence report and calculated the guidelines recommendation as "Probation/No Incarceration." The Commonwealth informed the circuit court that "the guidelines that were submitted with the presentence report were not correct" because the probation officer did not correctly account for Barnes' prior conviction. The Commonwealth submitted a copy of the guidelines worksheet that was identical to the one filed

---

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

- 2 -

with the plea agreement and which calculated the low end of the guidelines range as seven months. The Commonwealth informed the court, "I think everybody is under the understanding that that's the set you should file." The court made the presentence report "and the attached guidelines and worksheets" a part of the record without objection from Barnes. Later in the hearing, Barnes' counsel "concur[red]" with the Commonwealth, stating that, due to Barnes' 2000 felony conviction, "We went from [zero] on the guidelines to a low end of [seven] months."[2] He told the circuit court that he did not think that the parties knew the low end of the guidelines when they entered into the plea agreement but that they were nonetheless bound by the agreement.[3] He asked the court to consider allowing Barnes to serve his sentence on home electronic monitoring, which the Commonwealth did not oppose. He did not ask the circuit court to modify the guidelines based on acceptance of responsibility.

The circuit court sentenced Barnes to five years' imprisonment with four years and five months suspended, for an active sentence of seven months. The court ordered that Barnes would serve 90 days in jail followed by home electronic monitoring. The court did not modify the guidelines based on acceptance of responsibility. Barnes appeals.

### ANALYSIS

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to . . . attain the ends of justice." Rule 5A:18. On appeal, Barnes expresses confusion as to why the circuit court used the guidelines the Commonwealth submitted—which he calls the

---

[2] When Barnes' mother testified at the sentencing hearing that "[i]t was discussed that the guidelines could be anywhere from [zero] to [seven] months," Barnes' counsel explained that the low end of the guidelines was seven months.

[3] The Commonwealth responded that the parties knew the guidelines at the time of the plea agreement, as evidenced by the guidelines worksheet filed the same day as the plea.

"unofficial" guidelines—rather than those the probation officer filed with the presentence report. Because the circuit court imposed a sentence above the guidelines range the probation officer calculated, he argues that the circuit court failed to correctly apply the plea agreement. Despite Barnes' characterization of the circuit court's decision as "[i]nexplicabl[e]," it is no mystery why the circuit court used the guidelines that both parties asserted were correct rather than the guidelines that both parties asserted were wrong.[4] Ultimately, Barnes did not raise his appellate argument in the circuit court.[5] He has not invoked Rule 5A:18's exceptions, and this Court does not apply them sua sponte.[6] *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (en banc). Accordingly, Barnes has waived appellate review of his sole assignment of error, and we must affirm.

---

[4] Barnes makes no argument on appeal as to why the probation officer's guidelines were correct. He argues only that the circuit court should have used those guidelines because the probation officer calculated them and because Barnes believed those were the guidelines when he entered his plea, an assertion refuted throughout the record.

[5] Barnes' asserted preservation references include (1) the guidelines the probation officer calculated, (2) Barnes' statement at his guilty plea hearing that the guidelines were supposed to be zero to seven months, and (3) Barnes' counsel's argument at the sentencing hearing. The first reference is insufficient because the probation officer cannot preserve arguments for the defendant. The second reference is insufficient because Barnes agreed on the very next page of the transcript that the low end of the guidelines range would be seven months unless the circuit court modified them. Finally, the third reference shows Barnes' counsel agreeing with the Commonwealth that the low end of the guidelines was seven months.

[6] By concurring with the Commonwealth, Barnes not only failed to contemporaneously object but affirmatively invited the circuit court to apply the guidelines he now argues the court should not have applied. "A party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)). "[T]here is no 'ends of justice' exception to the approbate and reprobate doctrine" which is "'broader and more demanding than Rule 5A:18.'" *Id.* at 405 (quoting *Alford v. Commonwealth*, 56 Va. App. 706, 709 (2010)).

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court.

*Affirmed.*