COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Causey and Senior Judge Haley

ABIGAIL LYNN PRUSSIA, A/K/A
  ABIGAIL LYNN O'NEAL

                                                    MEMORANDUM OPINION*
v.        Record No. 1093-22-2                      PER CURIAM
                                                    SEPTEMBER 12, 2023

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF KING AND QUEEN COUNTY
                          B. Elliott Bondurant, Judge

            (Paul Eric Freeman; Woodmere Law P.L.L.C., on brief), for
            appellant.

            (Jason S. Miyares, Attorney General; William K. Hamilton, Assistant
            Attorney General, on brief), for appellee.


        Abigail Lynn Prussia appeals from the decision of the Circuit Court of King and Queen

County revoking a portion of her previously suspended sentences.  Prussia contends that "[t]he trial

court abused its discretion in revoking one and a half years of Prussia's five-year suspended

sentence where Prussia was now highly motivated to participate in drug treatment and comply with

the conditions of her probation."  After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the dispositive issue or issues have

been authoritatively decided, and the appellant has not argued that the case law should be

overturned, extended, modified, or reversed."  Code § 17.1-403(ii)(b); Rule 5A:27(b).

Consequently, we affirm the judgment of the trial court.

_____

        * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND

On appeal, we "view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it." *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018) (alteration in original) (quoting *Henderson v. Commonwealth*, 285 Va. 318, 329 (2013)).

On September 23, 2020, Prussia pleaded guilty to possession of a Schedule I or II narcotic. Pursuant to the terms of her plea agreement, the trial court initially deferred judgment in that case after finding that Prussia was eligible for first-offender probation. *See* Code § 18.2-251. Consequently, the trial court placed Prussia on one year of supervised probation. It ordered her to complete "a substance abuse assessment," to "remain drug and alcohol free during the period of probation," and to complete 100 hours of community service.

However, Prussia failed to comply with the terms of her probation. On September 10, 2021, Prussia's probation officer filed a report in the Circuit Court of King and Queen County notifying the court that Prussia had failed to complete any of her required community service hours, that she had "failed to successfully complete a substance abuse evaluation" despite numerous warnings "to get the evaluation completed," and that she had "tested positive for Methamphetamine on June 3, 2021 and August 12, 2021." After a hearing in October 2021, the trial court revoked her "First Offender Status," found her guilty of the 2020 possession charge, and also found her guilty of violating the conditions of her probation. The trial court then sentenced her to five years of incarceration, all suspended, for possession of a Schedule I or II narcotic and to 60 days in jail with 30 days suspended for violating the conditions of her probation. The suspended sentences were conditioned on five years of good behavior and the completion of supervised probation. The trial court also ordered that Prussia abstain from illicit drugs and alcohol for five years.

On May 27, 2022, Prussia's probation officer filed a major violation report with the trial court stating that Prussia had been convicted on a guilty plea of possession of methamphetamine in a different jurisdiction. In July 2022, Prussia's probation officer filed an addendum reporting that Prussia had changed her address without notifying her probation officer and had been discharged from her substance abuse and mental health treatment program for failure to comply with her treatment plan.

At the revocation hearing, Prussia pleaded guilty to violating the terms and conditions of her previously suspended sentences and acknowledged that she "ha[d] not lived up to the requirements of the probation order." Nevertheless, she proffered to the trial court that she had remained drug and alcohol free and was prepared to provide a urine screen. She also asked the trial court to impose a sentence below the discretionary sentencing guidelines recommendation.[1] The trial court ordered Prussia to submit to a drug screen before it made any decision in the matter. After a brief recess, her probation officer reported that Prussia was "unable to provide a urine sample." Prussia's counsel proffered that Prussia would not object to the trial court finding that the urine screen "would have been dirty."

The Commonwealth then argued that the trial court had extended several chances to Prussia but that she had failed to successfully complete her probation. The Commonwealth emphasized that Prussia had sustained a new conviction for possession of methamphetamine and that she had not been compliant with her substance abuse or mental health treatment program. In the Commonwealth's view, Prussia was not interested in obtaining treatment for her drug addiction.

Following Prussia's inability to provide a urine screen, she amended her previous request and asked the trial court to sentence her within the sentencing guidelines. In allocution, Prussia

---

[1] The discretionary sentencing guidelines recommended six months of incarceration to one year and six months of incarceration.

stated that she was experiencing a "very rough time in [her] life." Prussia explained that her mother "had thrown [her] out" of the residence, which had "played a part" in her failure to complete her first-offender obligations. Prussia informed the trial court that, before she "fouled up," she had attended her mental health and substance abuse treatment appointments and kept her appointments with her probation officer. Prussia alleged that she had been complying with probation since she had incurred her new charge. Finally, Prussia acknowledged her mental health issues and informed the trial court that she would like to continue mental health treatment to resolve her "core issues."

The trial court revoked Prussia's previously suspended sentences and resuspended three years, six months, and thirty days. Thus, the trial court imposed a total of one year and six months of incarceration, consistent with Prussia's request to receive a sentence within the discretionary sentencing guidelines. Prussia appeals, now arguing that the trial court abused its sentencing discretion by imposing one year and six months of incarceration because she "was now highly motivated to participate in drug treatment and comply with the conditions of her probation."

ANALYSIS

"Under settled principles, a criminal defendant cannot 'approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory. Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong.'" *Alford v. Commonwealth*, 56 Va. App. 706, 709 (2010) (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)). "The approbate-reprobate doctrine is broader and more demanding than Rule 5A:18." *Id.* "[T]here is no 'ends of justice' exception to the approbate and reprobate doctrine." *Nelson v. Commonwealth*, 71 Va. App. 397, 405 (2020).

Here, after Prussia was unable to provide a urine sample for the drug test and proffered that she would not object to the trial court finding that the urine screen "would have been dirty," she

- 4 -

asked the trial court to "sentence her within the guidelines." The sentencing guidelines recommended six months of incarceration to one year and six months of incarceration. In this case, the trial court imposed one year and six months of incarceration. Consequently, the trial court clearly sentenced Prussia within the sentencing guidelines, which is consistent with her request. Thus, given that Prussia actually asked the trial court to impose the sentence that it imposed, Prussia cannot now complain that the sentence represented an abuse of discretion.

CONCLUSION

Accordingly, we affirm the trial court's judgment.

*Affirmed.*